**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROSE WILLIAMS,                          )        No. CV 11-2634 CW
                                        )
                    Plaintiff,          )        DECISION AND ORDER
          v.                            )
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner, Social                    )
Security Administration,                )
                                        )
                    Defendant.          )
_____)

     The parties have consented, under 28 U.S.C. § 636(c), to the

jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

review of the Commissioner's denial of supplemental security income

("SSI") benefits.  For the reasons stated below, this matter should be

reversed and remanded for further administrative proceedings

consistent with this decision and order.

                         I.  <u>BACKGROUND</u>

     Plaintiff Rose Anne Williams was born on May 7, 1965, and was

forty-four years old at the time of her administrative hearing.

[Administrative Record ("AR") 64, 165.]  She completed tenth grade, and

                                    1

1  has no significant past work experience.[AR 179-188.]

2      Plaintiff alleged disability due to: stomach cramps, diarrhea,

3  fatigue, pain, nausea, and depression.  [See AR 184.]

4              **II.  PROCEEDINGS IN THIS COURT**

5      On April 6, 2011, Plaintiff's complaint was filed in this court.

6  On October 28, 2011, Defendant filed an answer and the certified

7  administrative record. On January 2, 2012, the parties filed their

8  Joint Stipulation ("JS") identifying matters not in dispute, issues in

9  dispute, the positions of the parties, and the relief sought by each

10 party.  This matter has been taken under submission without oral

11 argument.

12          **III.  PRIOR ADMINISTRATIVE PROCEEDINGS**

13     On August 10, 2007, Plaintiff filed an application for

14 supplemental security income alleging disability beginning October 29,

15 2001.[1]  [AR 64, 165-66.]  After the application was denied initially,

16 Plaintiff requested an administrative hearing, which was held on

17 October 14, 2009, before Administrative Law Judge ("ALJ") Robert S.

18 Eisman.  [AR 75-131.]  Plaintiff appeared without counsel, and

19 testimony was taken from Plaintiff and vocational expect ("VE") Randi

20 Langford-Hetrick.  [Id.]  The ALJ denied benefits in an administrative

21 decision dated October 20, 2009.  [AR 64-72.]  When the Appeals

22 Council denied review on January 28, 2011, the ALJ's decision became

23 the Commissioner's final decision.  [AR 1.]  This action followed.

24

25

26     [1]  Plaintiff subsequently filed a second application for benefits
   and was found to be disabled beginning December 17, 2009. [AR 2.]
27 This action involves only the first application for benefits and
   addresses only whether Plaintiff was disabled prior to December 17,
28 2009.

                                    2

1

### IV.  STANDARD OF REVIEW

2  Under 42 U.S.C. § 405(g), a district court may review the

3 Commissioner's decision to deny benefits.  The Commissioner's (or

4 ALJ's) findings and decision should be upheld if they are free of

5 legal error and supported by substantial evidence.  However, if the

6 court determines that a finding is based on legal error or is not

7 supported by substantial evidence in the record, the court may reject

8 the finding and set aside the decision to deny benefits.  See Aukland

9 v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.

10 Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240

11 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,

12 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.

13 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada

14 v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

15  "Substantial evidence is more than a scintilla, but less than a

16 preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence

17 which a reasonable person might accept as adequate to support a

18 conclusion." Id.  To determine whether substantial evidence supports

19 a finding, a court must review the administrative record as a whole,

20 "weighing both the evidence that supports and the evidence that

21 detracts from the Commissioner's conclusion." Id.  "If the evidence

22 can reasonably support either affirming or reversing," the reviewing

23 court "may not substitute its judgment" for that of the Commissioner.

24 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

25

### V.  DISCUSSION

26
### A.   THE FIVE-STEP EVALUATION

27  To be eligible for disability benefits a claimant must

28 demonstrate a medically determinable impairment which prevents the

claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

4

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

## B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 10, 2007, the application date (step one); that she has the "severe" impairment(s) of depression, anxiety, HIV/AIDS, and a history of polysubstance abuse/addiction (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 66.] The ALJ found that Plaintiff retains the RFC to:

> [P]erform light work as defined in 20 CFR 416.967(b), in
> that she can exert up to 20 pounds of force occasionally
> and/or up to 10 pounds of force frequently and/or a

---

[2]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

negligible amount of force constantly to move objects.  A
job should be rated as light work when it involves walking
or standing to a significant degree or requires sitting most
of the time but entails pushing or pulling of arm or leg
controls and/or requires working at a production rate pace
entailing the constant pushing and pulling of materials even
though the weight of those materials is negligible.  The
claimant can stand and walk up to a total of 6 hours in an
8-hour workday, with normal breaks.  She can perform work
that does not require climbing ladders, ropes, or scaffolds,
and no more than occasional climbing of ramps or stairs,
stooping, kneeling, crouching and crawling.  The claimant
can perform work that does not involve any exposure to
hazardous machinery, unprotected heights, or other high
risk, hazardous or unsafe conditions.  She can perform work
that is limited to simple, routine, and repetitive tasks in
a low stress environment, which is defined as work requiring
no (i.e. rare) decision making or judgment, no changes in
work setting, and not requiring any usual, very fast pace or
production rate requirements.  The claimant can perform work
that does not require interaction with the public or
coworkers and does not require the performance of tandem
tasks with coworkers.

[AR 67-68.]  He found that Plaintiff has no past relevant work (step
four).  [AR 72.]  He found, however, that given Plaintiff's age (as a
"younger individual"), "limited education," lack of past work
experience, and RFC, Plaintiff could perform other work existing in
significant numbers in the national economy (step five).  [AR 71.]

6

1    Accordingly, Plaintiff was found not "disabled" as defined by the

2    Social Security Act. [AR 72.]

3        **C.   ISSUES IN DISPUTE**

4        The Joint Stipulation identifies as disputed issues whether the

5    ALJ:

6        1.   Should have afforded heavier weight to the opinions of the

7             treating mental health professionals [JS at 4-14];

8        2.   Provided clear and convincing reasons to reject Plaintiff's

9             subjective statements [JS at 15-22.]

10       Issue one is dispositive.

11       **D.   ISSUE ONE: TREATING MENTAL HEALTH PROFESSIONALS**

12       The crux of issue one is whether the Commissioner employed proper

13   legal standards in rejecting the opinion of treating psychiatrist

14   Christine Schneider, M.D.[3], who, after visits with Plaintiff in

15   September and October 2009, diagnosed her with Chronic Paranoid

16   Schizophrenia and possible Shizoaffective Disorder, and opined that

17   Plaintiff was unable to work for at least one year due to this mental

18   illness. [See AR 374.]

19       The relevant background is as follows. In the October 20, 2009

20   _____

21       [3] A physician will be considered a treating physician when, as
     here, that physician sees plaintiff twice within a 14-month period
     preceding the hearing, where plaintiff requested that the physician
22   treat plaintiff, and the physician is the one with the most extensive
     contact with plaintiff. Ghokassian v. Shalala, 41 F.3d 1300, 1303
23   (9th Cir. 1994). Similarly, a physician may be considered a treating
     physician pursuant to 20 C.F.R. § 404.1502 where, as appears also to
24   have been the case here, the physician is responsible for prescribing
     and monitoring medication and treatment but leaves most of the direct
25   patient contact to others within a treatment team. Benton v.
     Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003) (finding psychiatrist
26   may be considered a treating physician pursuant to 20 C.F.R. §
     404.1502 where the psychiatrist is responsible for prescribing and
27   monitoring medication but leaves most of the direct patient contact to
     others within the treatment team).

28

                                      7

1  hearing decision, the ALJ rejected Dr. Schneider's diagnosis and
2  opinion because: the determination of disability is reserved for the
3  Commissioner; the diagnosis of schizophrenia was not mentioned in any
4  prior treatment record; she treated plaintiff only twice; and her
5  diagnosis was contradicted by her treatment notes. [AR 70.] Plaintiff
6  subsequently submitted records to the Appeals Council establishing
7  that in March 2010 she was admitted for six-weeks of in-patient
8  treatment for schizophrenia. [AR 10.]  The Appeals Council considered
9  the new evidence of Plaintiff's schizophrenia and found that it did
10 not alter the ultimate conclusion of non-disability because the
11 treatment post-dated the hearing decision by approximately five
12 months.  [AR 2.]

13      In reviewing the denial of benefits here, the court considers the
14 rulings of both the ALJ and the Appeals Council, including the new
15 evidence, which was incorporated into the Administrative record and
16 considered by the Appeals Council. Ramirez v. Shalala, 8 F.3d 1449,
17 1451-52 (9th Cir. 1993)(citations omitted).  A review of the record as
18 a whole, including this new evidence, establishes the Commissioner did
19 not articulate legally sufficient reasons for rejecting Dr. Shneider's
20 opinion.

21      If the opinion of a treating physician, such as that of Dr.
22 Schneider, is "well-supported by medically acceptable clinical and
23 laboratory diagnostic techniques and is not inconsistent with other
24 substantial evidence in [the] case record, [it will be given]
25 controlling weight."  20 C.F.R. § 416.927(d)(2). If the physician's
26 opinion is not given "controlling weight," it is because it is not
27 "well-supported" or because it is inconsistent with other substantial
28 evidence in the record.  See Orn v. Astrue, 495 F.3d 625, 631 (9th

8

1  Cir. 2007).   Here, no evidence in the record contradicts Dr.

2  Schneider's opinion.   The mere absence of corroboration for a treating

3  or examining physician's opinion, the most that existed in this case

4  (and one of the few reasons cited by the ALJ for rejecting Dr.

5  Schneider's opinion) does not constitute a "conflict" with that

6  opinion.   Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

7  Thus, the Commissioner was required to articulate clear and convincing

8  reasons to reject Dr. Schneider's opinion.

9        No such clear and convincing reasons are present.

10        First, it is well-settled, and should be self-evident, that the

11  diagnosis of a condition may properly occur after the onset of that

12  condition; the Appeals Council is thus not entitled to outright reject

13  a medical opinion on that basis.   Lester v. Chater, 81 F.3d 821, 832

14  n.9 (9th Cir. 1995); see also Smith v. Bowen, 849 F.2d 1222, 1225 (9th

15  Cir. 1988)(citation omitted)(holding that the mere fact that a medical

16  report was issued retrospectively is not a basis to disregard that

17  report).   Thus, the Appeals Council materially erred in declining to

18  credit the evidence of Plaintiff's March 2010 treatment.   It strains

19  reason to suggest that Plaintiff's schizophrenia might have suddenly

20  appeared in March 2010, the month that in-patient treatment was found

21  to be necessary.   To the contrary, the fact that another psychiatrist

22  ordered Plaintiff to obtain in-patient treatment shortly after Dr.

23  Schneider issued her diagnosis strongly supports Dr. Schneider's

24  opinion that Plaintiff was suffering from listing-level schizophrenia

25  by no later than October 9, 2009.   And, thus, contrary to the Appeals

26  Council's conclusion that the new evidence was "irrelevant" to the

27  non-disability finding, it directly contradicts the ALJ's conclusion

28  that Dr. Schneider's opinion was "unsupported" and "inconsistent" with

9

the mental health treatment record as a whole. Thus, the rejection of Dr. Schneider's opinion is not based upon the requisite "clear and convincing" quantum of evidence required to reject the opinion of a treating physician. The proper course of action in such a case would have been for the Appeals Council to remand to the ALJ for further review. See Booz v. Sec'y of Health and Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984). Because the Appeals Council failed to do so, the denial of benefits is materially in error.

Because the Appeals Council did not properly consider the new evidence before it, and the ALJ's rejection of Dr. Schneider's opinion is not based upon clear and convincing record evidence, reversal is required.

### E.   REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, a remand for further administrative proceedings, including reevaluation of Plaintiff's credibility in light of the record as a

whole, is appropriate.[4]    See e.g.,    Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability). Because the evaluation of Dr. Schneider's opinion was materially in error, this evidence shall be credited as true. Vasquez v. Astrue, 572 F.3d 586, 594 (9th Cir. 2009). When crediting this evidence as true, and considering it in light of the record as a whole, the evidence strongly suggests Plaintiff suffered from listing-level schizophrenia for some period of time prior to October 2009. The Listing of Impairments for schizoprenic, paranoid or other psychotic disorders requires a finding of disability when the requirements within the following categories A and B, both, are satisfied, or when the requirements in category C are satisfied:

    A.    Medically documented persistence, either continuous or intermittent, of one or more of the following:

        1.    Delusions or hallucinations; or

        2.    Catatonic or other grossly disorganized behavior; or

        3.    Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:

            a.    Blunt affect; or

            b.    Flat affect; or

            c.    Inappropriate affect; or

        4.    Emotional withdrawal and/or isolation;

            And

---

[4]    The ALJ's credibility determination is not materially in error such that a remand for automatic payment of benefits would be merited on that basis alone.

B. Resulting in at least two of the following:

    1.   Marked restriction of activities of daily living; or

    2.   Marked difficulties in maintaining social functioning; or

    3.   Marked difficulties in maintaining concentration, persistence, or pace; or

    4.   Repeated episodes of decompensation, each of extended duration;

Or

C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

    1.   Repeated episodes of decompensation, each of extended duration; or

    2.   A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

    3.   Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.03.

The record contains evidence showing that Plaintiff suffered from depression and anxiety since at least 2007, that she reported

12

suffering from hallucinations and hearing voices by at least 2007, that she suffered from years of drug addiction, that she was often homeless, that she was able to function best inside a supportive living arrangement, and that she did not ever engage in regular work activity. [AR 246, 255, 377.] Furthermore, based upon this and other evidence, the ALJ found that Plaintiff's mental functioning was limited to:

> [S]imple, routine, and repetitive tasks in a low stress environment, which is defined as work requiring no (i.e., rare) decision making or judgment, no change in work setting, and not requiring any usual, very fast pace or production rate requirements. [Plaintiff] can perform work that does not require interaction with the public or coworkers and does not require tandem tasks with coworkers.

[AR 68.]

Crediting Dr. Schneider's opinion as true, and given this other evidence and the ALJ's findings, the question remaining for the Commissioner on remand is when Plaintiff's schizophrenia developed to such a degree that it was disabling, as that term is defined in the Social Security Act. In such a circumstance, the proper course of action is for the ALJ to call a medical expert to aid in the determination of the actual onset date of Plaintiff's condition and the nature of the limitations it might impose. See Armstrong v. Commissioner of Social Security Administration, 160 F.3d 587, 589-90 (9th Cir. 1998). In Armstrong, the court pointed to record evidence suggesting that the plaintiff suffered from mental functional limitations long before he was diagnosed with depression. Noting that the depression could thus have been disabling "long before" any

13

diagnosis was made, the court held that, because "[e]xactly when" that happened was "unclear," the ALJ "was required to call a medical expert to help him clarify the dates and extent of the plaintiff's disability. <u>Id.</u>  This reasoning applies with equal force in this situation, because the record strongly suggests limitations consistent with schizophrenia long predating Plaintiff's diagnosis.

## VI.   <u>ORDERS</u>

Accordingly, **IT IS ORDERED** that:

1.    The decision of the Commissioner is **REVERSED.**

2.    This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with instructions set forth in the body of the decision.

3.    The Clerk of the Court shall serve this Decision and Order and the Judgement herein on all parties or counsel.


DATED: May 1, 2012

_____
                        CARLA M. WOEHRLE
                United States Magistrate Judge